IN THE UNITED STATES DISTRICT COURT OF
THE SOUTHERN DISTRICT OF NEW YORK

JOHN HILL, JR.,                                       :
                                                      :
              Plaintiff,                              :       No.            - 2022
                                                      :
       v.                                             :
                                                      :
UNITED STATES OF AMERICA, BUREAU OF        :       Jury Trial Demanded
PRISONS, FEDERAL CORRECTIONAL                :
INSTITUTION AT OTISVILLE, and JOHN          :
DOES 1-20,                                            :
                                                      :       COMPLAINT
              Defendants.                             :

AND NOW COMES FORTH Plaintiff, by and through his attorneys, ZIMMERMAN &

OHLIGER, and Complain of Defendants as follows:

## I. Parties

1.     At all times relevant hereto, Plaintiff JOHN HILL, JR. was and is an adult individual

residing at 27 Milhoven Road, Sparrowbush, Orange County, New York.

2.     At all times relevant hereto, Plaintiff JOHN HILL, JR. at all relevant times hereto

was and is a resident of the State of New York.

3.     At all times relevant hereto, Defendant UNITED STATES OF AMERICA, by and

through the United States Attorney General, has an address for service at 950 Pennsylvania Avenue

NW Ste 7141, Washington, DC 20530 and locally within this District by and through the United

States Attorney for the Southern District of New York at 86 Chambers Street, 3rd Floor, New York,

NY 10007.

4.     At all times relevant hereto, Defendant UNITED STATES OF AMERICA, through

its Department of Justice, did operate the Federal Agency known as the Bureau of Prisons.

5.     At all times relevant hereto, Defendant UNITED STATES OF AMERICA, through the Federal Bureau of Prisons, did operate a Federal Correctional Institution within this District at Otisville, NY.

6.     Defendants JOHN DOES 1-20 are employees, agents, and/or servants of the Defendant UNITED STATES OF AMERICA whom are unidentified at the time of the filing of this Complaint but who were tasked with the responsibility to remove snow and ice from the Subject Premises described herein.

## II. Jurisdiction and Venue

7.     Article III, Section 2, Clause 1 of the United States Constitution provides that the Courts of the United States shall have jurisdiction over "Controversies to which the United States shall be a party."

8.     Further, pursuant to 28 U.S.C. § 2675, Plaintiff presented a claim to the Federal Bureau of Prisons by submitting a Claim for Damage, Injury or Death ("Standard Form 95") on November 19, 2021, which was within two years of the date of loss of December 3, 2019.

9.     The Federal Bureau of Prisons then denied the aforesaid Claim by letter dated July 20, 2022, which letter acknowledged that Administrative Claim No. TRT-NER-2022-01399 was properly received by the Northeast Regional Office on November 23, 2021.

10.     This action is properly filed within six months of the date of the aforesaid denial letter.

11.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1346.

12.     This matter is properly venued in this District pursuant to 28 U.S.C. § 1402(b), as the Plaintiff resides in this District and the acts and omissions complained of occurred in this District.

III. Factual Allegations

13.    On or about December 3, 2019, Plaintiff was working in the course and scope of his employment as a paramedic field supervisor with Mobile Life and was responding to a medical call at the Defendant's facility.

14.    On or about December 3, 2019, Defendant UNITED STATES OF AMERICA, by and through the Department of Justice, Bureau of Prisons, operated, possessed, controlled, and/or leased the Subject Premises located at 2 Mile Drive, Otisville, New York.

15.    Specifically, on or about December 3, 2019, Defendant UNITED STATES OF AMERICA was responsible for the safety of the Subject Premises, and had a duty to remove snow and ice from the Subject Premises.

16.    On or about December 3, 2019, Plaintiff was injured when he slipped and fell on ice in the aforesaid parking lot.

17.    Plaintiff's aforementioned injury was a direct and proximate result of Defendant's negligence in the ownership, possession, maintenance, and control of the aforesaid premises, and in their negligent snow and ice removal activities, as more fully set forth herein.

COUNT I

JOHN HILL, JR. v. UNITED STATES OF AMERICA, BUREAU OF PRISONS, FEDERAL CORRECTIONAL INSTITUTION AT OTISVILLE

18.    Plaintiffs incorporate the foregoing paragraphs of this Complaint by reference, as if more fully set forth herein.

19.    The aforementioned slip and fall incident was a direct and proximate result of the carelessness and negligence of Defendant, individually and by and through their agents, employees, and/or servants.

20.     As the owner and possessor of real property, Defendant owed business visitors and/or public invitees to the Premises a non-delegable duty to use reasonable care in the maintenance and use of the land, and to protect invitees from foreseeable harm, to inspect the premises, to discover dangerous conditions that it should have anticipated, and to warn those lawfully upon the premises of such dangers.

21.     As an entity responsible to remove snow and ice from the Subject Premises, Defendant owed individuals lawfully upon the premises a duty to undertake those activities and to do so reasonably, prudently, and with due care and caution.

22.     The carelessness and negligence of Defendant individually and by and through its agents, employees, and/or servants, consisted of the following acts and omissions in breach of the aforesaid duties:

a.     Allowing a dangerous condition, *to wit*, the accumulation of ice and/or snow in the parking lot the Subject Premises, despite having constructive and/or actual notice of said thereof;

b.     Failing to completely remove the aforesaid dangerous condition, despite having constructive and/or actual notice thereof;

c.     Failing to properly inspect the Subject Premises to discover the aforesaid dangerous condition (*e.g.*, to observe the accumulation of snow and ice and to assess whether it was properly and completely removed);

d.     Attempting to remove ice and/or snow from the parking lot of the Subject Premises in an incomplete or otherwise careless manner;

e.     Failing to apply sufficient ice melt and/or traction material (i.e., sodium chloride, calcium chloride, cinders, or similar materials) both before the most

recent snowfall and during snow and ice removal operations so as to prevent the continued accumulation of ice and snow;

f.    Utilizing improper techniques, tools and/or materials to attempt to remove snow and ice;

g.    Failing to exclude persons lawfully upon the premises, including Plaintiff, from icy portions of the Subject Premises including its parking lot, walkways and common areas, through the use of signs, cones and/or a barrier;

h.    Failing to give verbal, written, and/or visual warnings to persons lawfully upon the Subject Premises, including Plaintiff, of the icy condition of the parking lot;

i.    Failure to properly supervise agents, employees, and/or servants charged with the task of maintaining the parking lot in a safe manner;

j.    Failing to employ agents, employees, and/or servants, or failing to employ those individuals in sufficient quantity, tasked with removing snow and ice from the Subject Premises;

k.    Failing to employ a professional property manager, or other person or entity sufficiently qualified and experienced in the maintenance and upkeep of commercial premises held open to the public;

l.    Failing to otherwise manage the Subject Premises;

m.    Failing to properly train and/or instruct their agents, employees, and/or servants regarding the tasks of removing snow and ice from the Subject Premises, and regarding the methods and techniques for proper removal;

n.    Failing to train and/or instruct their agents, employees, and/or servants of the importance of warning persons lawfully upon the premises, including

Plaintiff, of the presence of ice and snow on the Subject Premises, including the parking lot, walkways and common areas;

o. Failing to promptly contact agents, employees, servants, independent contractors, or other third parties to inform them of the need to remove snow and ice at the Subject Premises and/or to instruct them to so remove snow and ice; and

p. Failing to properly monitor, maintain, and/or make reasonable inspections of the Subject Premises for the purpose of ensuring that they were safe, clean, and dry condition for persons lawfully upon the premises, including Plaintiff.

23. Defendant, by and through its negligence, as aforesaid and otherwise, is solely and wholly at fault for the occurrence of the slip and fall incident that is the subject of this case.

24. As a direct and proximate result of Defendant's aforesaid negligence, or by its failure to otherwise exercise due care and caution under the circumstances, Plaintiff was caused to suffer severe, painful, and permanent injuries, as well as embarrassment and humiliation, and in the future will continue to suffer great pain and agony.

25. As a direct and proximate result of Defendant's aforesaid negligence, or by its failure to otherwise exercise due care and caution under the circumstances, Plaintiff was rendered unable to engage in his professional and normal lifestyle, and in the future, will continue to be unable to engage in his professional and normal lifestyle; with Plaintiff suffering a diminishment of his earning capacity and diminution in his ability to enjoy life and life's pleasures as a result.

26. As a direct and proximate result of Defendant's aforesaid negligence, or by its failure to otherwise exercise due care and caution under the circumstances, Plaintiff was obliged to expend large and various sums of money for medical care and attention, and in the future, will

continue to have to spend large and various sums of money for medical care and attention and/or to reimburse for payment of insurance benefits for medical care and attention.

27.    As a direct and proximate result of Defendant's aforesaid negligence, or by its failure to otherwise exercise due care and caution under the circumstances, Plaintiff was caused to suffer scarring, disfigurement, embarrassment, humiliation, and mental and emotional anguish and injury.

## IV.  Claim for Relief

WHEREFORE, Plaintiff respectfully requests Judgment against Defendants for the following relief:

a)    Compensatory damages;

b)    Costs and Interest upon the award; and

c)    Such other relief deemed just and proper by the Court.

Respectfully Submitted,

ZIMMERMAN & OHLIGER

Jason R. Ohliger, Esquire
ohliger@wzlawfirm.com
The Kenworthey Building
410 Broad Street
Milford, Pennsylvania 18337
(570) 296-7300
(570) 296-8600 (fax)
Attorneys for Plaintiff